MONEYWEIGHT SCALE COMPANY v. GUSTAF A. HJERPE.[1]

October 30, 1908.

Nos. 15,659—(61).

**Breach of Warranty.**

In an action to recover damages for a breach of warranty contained in a contract of sale of a computing scale, it is *held* that the finding of the jury that the original contract was not modified and that there had been a breach of the warranty is sustained by the evidence.

**Assignments of Error.**

Assignments of error cannot be predicated upon a ruling of the trial court which is neither excepted to at the trial nor assigned as error in the court below upon the motion for a new trial.

Action begun in the municipal court of Duluth to recover $80, the balance due upon a certain contract for purchase of a computing

[1] Reported in 118 N. W. 62.

scale, and $20 additional for certain railroad charges. Defendant answered setting up a counterclaim for a breach of warranty, alleging that the scale delivered to him was worthless and demanded judgment for $130. The case was tried before Windom, J., and a jury which found in favor of defendant for the sum of $30. A motion for a new trial having been denied, plaintiff appealed to the district court for St. Louis county, where the decision of the municipal court was affirmed, Ensign, Dibell, and Cant, JJ. From this order plaintiff appealed to this court. Affirmed.

*A. N. McGindley*, for appellant.

*John Jenswold, Jr.*, for respondent.

ELLIOTT, J.

This is an appeal from an order of the district court affirming an order of the municipal court of the city of Duluth which denied the plaintiff's motion for a new trial after a verdict in favor of the defendant. The action was brought by the Moneyweight Scale Company against Gustaf Hjerpe to recover $80 unpaid on a contract for the purchase of a grocer's computing scale, together with $20 additional for certain railroad charges. The answer contains a counterclaim for a breach of warranty. The jury returned a verdict in favor of the defendant for the sum of $30.

The contract of purchase and sale contained the following provisions: "Guaranty. The Computing Scale Company of Dayton, O., manufacturers of the moneyweight scale, together with the Moneyweight Scale Company of Chicago, do hereby guarantee said computing scale to weigh correctly any article capable of being weighed on it, and should the scale get out of order at any time within two years from date of shipment, with ordinary use (not dropped or broken), will repair the same gratis; the purchaser paying the freight or express charges to and from factory." The scale was delivered to Hjerpe on May 11, 1906, and was by him used in his business until August 14, 1906. During this time it seems to have worked properly and payments aggregating $30 were made on the purchase price.

On August 14 the city sealer condemned the scale as being defective and inaccurate, and on the same day Mr. Jenswold, as attorney for Hjerpe, wrote the appellant, the Moneyweight Scale Company, a

letter in which he stated that the scale did not work properly and that: "In view of the guarantee which he [Hjerpe] has from you, it is therefore up to you to make this good. I don't know how you will do it, whether it will be by sending him another one that will give correct weights or by refunding him his money and taking this one. Either plan will be satisfactory to Mr. Hjerpe. Kindly write him at once." No reply being received to this letter, Hjerpe on August 30, 1906, wrote to the Computing Scale Company, the other company named in the contract of purchase, at Dayton, Ohio, in which he stated that it had become generally known in the community that the scales manufactured by it were inaccurate and that local merchants had been compelled to "throw [it] out," and that "the matter of the inaccuracy of your scale has been circulated so generally throughout the city that it would be simply suicidal to continue its use. Mr. Sampson, the sealer of weights of this city, also condemns it. For these reasons I do not care to take another scale from you. I am therefore compelled to request that you return to me the money already paid on account of these scales. In the meantime your scales are here subject to your order and for delivery upon such payment."

On September 11, this letter was answered by the Moneyweight Scale Company, which defended the scale and asked that Hjerpe continue its use. On September 6 the Computing Scale Company, in a letter to Hjerpe which was manifestly a reply to Jenswold's letter to the Moneyweight Scale Company, wrote: "We shipped you scale No. 197,144 in exchange for No. 173,424, now in your possession. According to the terms of exchange this scale is to be credited to your account on receipt of same at Dayton, Ohio. Kindly forward the scale promptly by prepaid freight to Dayton, Ohio, being careful that you send to Moneyweight Scale Co., 47 State St., Chicago, Ill., on attached form, the number of it and bill of lading for same, as otherwise we will not be able to credit your account. If this scale is not received within a reasonable length of time, we shall understand that you desire to keep it for some purpose, and in that event payment for the new scale will be asked at the regular price." On September 12 the Moneyweight Scale Company also wrote Hjerpe that the Computing Scale Company had shipped the new scale and requested him to ship the old scale by freight to the factory, and advised him that

106 M.—4

"both scales will stand charged to your account until the old one reaches Dayton."

This correspondence did not amount to a modification of the original contract. Hjerpe's proposition contained in the letter written by Jenswold was not accepted by the company. The suggestion that the company might send him another scale was countermanded by the letter of August 30, before the new scale was shipped, as appears by the appellant's letter of September 6. This letter of September 6, from the Computing Scale Company, imposed terms upon Hjerpe which he was not bound to accept, and, not having accepted them, his rights are measured by the terms of the original contract.

The letter of August 30, in which Hjerpe withdrew the proposal contained in Jenswold's letter, was addressed to the Computing Scale Company, at Dayton, Ohio, and it is contended that it was therefore not notice to the appellant, the Moneyweight Scale Company. The two companies joined in the guaranty, and we are satisfied that the trial court correctly held that for the purposes of this case they were so connected and related that notice to one was notice to the other.

The evidence was sufficient to justify the jury in finding that the scale was defective and that there was a breach of the warranty.

Some of the assignments of error which are considered at length in appellant's brief cannot be considered, because they refer to rulings to which no exception was taken at the trial, and which were not assigned as errors on the motion for a new trial.

The order of the trial court is affirmed.